## DELCO APPLIANCE CORP v TINSTMAN

Ohio Appeals, 9th Dist, Medina Co

No 155. Decided Nov 5, 1937

J. B. Palmquist, Medina, for appellant.
Theodore V. Foskett, Medina, for appellee.

## OPINION

PER CURIAM

This was an action by the appellant to recover from appellee upon a written guaranty signed by him, in which instrument said appellee guaranteed to pay General Motors Acceptance Corp. a certain account owing from Mrs. Mabel P. Spicer to E. H. Tinstman Electric Co., and by said Tinstman Electric Co. assigned to General Motors Acceptance Corp. said guaranty, so signed by appellee, E. H. Tinstman, together with said account, was assigned by General Motors Acceptance Corp. to appellant, Delco Appliance Corp.

At the close of plaintiff's evidence in the court below, the court directed a verdict in favor of the appellee, on the ground that said guaranty was a special guaranty to General Motors Acceptance Corp. alone, and that appellant therefore could not maintain an action thereon.

The record discloses that the guaranty was absolute and unconditional, and that it was special to General Motors Acceptance Corp. The record further discloses that before said assignment of said account and guaranty to appellant was made, there had

been default in the payment of said account according to its terms, and also default in performance by the appellee upon said guaranty.

We deem it unnecessary to discuss the law in reference to the assignability of guaranties, because in this case the record discloses that a chose in action upon the guaranty in favor of General Motors Acceptance Corp., the assignor of such guaranty, had arisen before said assignment was made. Such chose in action was assignable, and the assignee thereof was authorized by the laws of Ohio to bring an action thereon in his own name; and that is what was done in this case.

The trial court was in error in directing a verdict, and for that error the judgment must be reversed and the cause remanded for retrial, the appellee having denied the allegations of the petition and having pleaded several special defenses.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.